Mr. Justice Clayton
delivered the opinion of the court.
This bill was filed by Benton, alleging that in 1838, a sepa *188 rate suit was brought against him by Crowder, as the indorser of a bill of exchange, and judgment rendered upon it against him. That another was brought against him and the drawer and other indorsers of the same bill of exchange, and on the same day a verdict and judgment in that suit were rendered in his favor, and against the other defendants. That on this latter judgment a forthcoming bond was given and forfeited, which operates, as he alleges, a satisfaction not only of the judgment against those defendants, but of that against him. An injunction was prayed for and obtained. The chancellor dismissed the bill upon motion, for want of equity upon its face.
After a judgment at law, equity cannot interpose to set it aside, upon grounds which might have been used as a defence at law, unless it were obtained by fraud. Thomas v. Phillips, 4 S. & M. 358.
The cases of McNutt v. Wilcox & Fearn, 3 How. 417; and of Kershaw v. The Merchants Bank of New York, 7 Ib. 386, show that on the other ground no relief can be afforded him.
If one judgment had been actually paid, of course the other could not be enforced, but a satisfaction which is only prima facie, by the substitution of a new judgment on the bond for the original judgment, cannot be a discharge of a separate judgment.
The proceedings at law were clearly erroneous, as the plaintiff at law should have sued all the parties jointly. But courts of equity have no power to correct such errors in a court of law, such power pertains alone to an appellate tribunal.
Decree affirmed.