### D. R. BOSWELL *v.* P. H. WHEAT et al.

1. CHANCERY: VENUE: JURISDICTION IN COURT OF THE COUNTY WHERE THE PROPERTY IS SITUATED: CASE IN JUDGMENT.—A bill in chancery, by a judgment-debtor, seeking to enjoin perpetually all further proceedings to enforce the judgment, and to recover from the possession of the sheriff the possession of property levied on by him to satisfy it, is a suit respecting real or personal property within the meaning of Art. 6, § 2, ch. 62, p. 541, of the Rev. Code, and may be filed in the chancery court of that county in which the property levied on may be, irrespective of the venue of the judgment, and the residence of the parties defendant.

2. SAME: DEFECTIVE INJUNCTION BOND NO CAUSE FOR DISMISSING BILL.—A defec-

tive injunction bond is a good ground for a motion to dissolve the injunction, but it is no cause for a dismissal of the bill.

APPEAL from the Chancery Court of Tishemingo county. Hon. Joel M. Acker, chancellor.

This was a bill, filed in the county of Tishemingo, by the defendant, in a judgment rendered by the Circuit Court of Marshall county, against the ostensible plaintiff in the judgment, who is a non-resident of the State, and one Yowell, residing in Marshall county, and alleged to be interested in the same as owner, or asserting control in prosecuting execution thereon, and also against the sheriff of Tishemingo county, to whose hands the execution came, and who levied the same on the property of the judgment-debtor found in his county.

The bill was filed in Tishemingo county, and the process made returnable there. Yowell is stated in the bill to be a resident of Marshall county, in this State.

The object of the bill is to enjoin further proceedings on the judgment, upon the ground that it is, in point of fact, inoperative as to the defendant, he having, as the bill alleges, become the owner of the same by purchase at a sale of the judgment for the costs due thereon. It is alleged that Yowell, as the agent of the defendant, suggested to him that the best way to dispose of the judgment, which the complainant says was unjust, was to allow it to be sold, and to purchase it; that Yowell promised to act for the complainant, and did purchase the judgment, and transferred the same to him, "as is shown by Yowell's answer to a bill in chancery, filed in the Chancery Court of Marshall;" that Yowell afterwards asserted title to the judgment, and the complainant having in the meanwhile removed to Tennessee, that Yowell sued him there, but in that suit, judgment was rendered for complainant; that subsequently, Yowell pretended to transfer the judgment to Wheat, the party plaintiff, or did transfer it, but continues to control it; and caused the execution to be issued on the judgment in Marshall county, which was levied by the sheriff on the property of complainant, who is the judgment-debtor. The complainant alleges that, by reason of his purchase and the judgment in his favor in the suit in Tennessee, he has become discharged from all liability to pay said judgment.

The bill prays an injunction against the judgment, and against further proceedings on the execution, and makes Wheat, Yowell, and the sheriff of Tishemingo, parties defendant.

Judge Cushman, by his fiat, 1st September, 1858, directed the clerk of the Tishemingo Circuit Court to issue the injunction as prayed for, returnable unto the Circuit and Chancery Court of Tishemingo county, on the complainant's entering into bond in double the appraised value of the property levied on (which was a town lot in Jacinto, a jack, and two jennies), to be approved by the clerk.

On this fiat, the clerk took a bond in the penalty of five hundred dollars, conditioned that the said complainant shall " successfully prosecute his suit, or in case he fail therein, shall well and truly perform and abide by such decree as shall be made against him in said cause."

The bond is made payable to the defendants, Walker, the sheriff, Wheat, and Yowell.

A writ issued combining the qualities of a subpœna and injunction ; and at the return term the defendants moved to dismiss the " bill of injunction :" 1st. Because the injunction bond was defective ; 2d. The fiat was not under the seal of the judge ; 3d. The process is returnable to the wrong court.   The motion was sustained, and the bill dismissed.   The decree rendered on this motion is a decree awarding five per cent. damages on the judgment enjoined, and ordering execution for the same against the complainant and sureties.   It also awards execution for the assessed value of the property levied on against complainant and sureties, unless the same be redelivered to the sheriff in fifteen days.   From this decree the complainant and his sureties on the injunction bond appealed.

*Arnold* and *Hill*, for appellants.

*W. P. Harris*, contra.

HARRIS, J., delivered the opinion of the court.

The complainant filed his bill in the Chancery Court of Tishemingo county, to enjoin the collection of an execution levied upon his property by the defendant Walker, as sheriff of Tishemingo

county, where the property was found, and was remaining at the time of the filing complainant's bill, and where complainant resided.

Neither of the defendants in error, except Walker, the sheriff, resided in Tishemingo county. And the judgment upon which the execution sought to be enjoined, issued, was obtained in the county of Marshall, where the defendant Yowell resided at the time of filing complainant's said bill.

The main question presented for our determination upon this state of facts, is whether the Chancery Court of Tishemingo county had jurisdiction of the cause.

Upon the motion of the defendants, the court below dismissed complainant's bill, and rendered a decree in favor of defendants against complainant and his sureties on the injunction bond ; not only for cost but also for the " assessed value of the personal property levied on," upon the face of the bill alone, without answer, without proof of any kind, and without any " assessed value of the personal property levied on," appearing in the record, and without any bond for delivery of the property, or any evidence showing it out of the sheriff's possession.

Three grounds are relied on, in the motion in the court below, for dismissal. 1st. The insufficiency of the bond. 2d. That the fiat of the judge was without seal. And 3d. The want of jurisdiction.

There could be no force in the second ground relied on ; and even if the first and third grounds were true, either or both, it is difficult to perceive upon what principle *such a decree* could have been rendered.

Waiving all this, however, for the present, we will proceed to consider the question of jurisdiction.

By art. 6 of the 2d sect. 62d chap. of the Revised Code, 541, it is provided that "suits respecting real or personal property may be commenced in the chancery court of the county in which the said property, or some portion thereof, may be ; and in all cases suits may be brought in any county where the defendant, or any necessary party defendant, may reside, *or be found ;*" and process may issue to any county in the State "to bring in the necessary defendants, and to enforce all orders and decrees of the court.

It is insisted, in argument by counsel for the defence, that this is not a suit "respecting real or personal property," or to recover specific property; nor a suit by a third party, to prevent the sale of property which he claims; nor a suit affecting property as such. And it seems to be admitted, that in these cases the statute would undoubtedly confer jurisdiction.

That this is a suit to prevent the sale of complainant's property, which has been taken from his possession, to enjoin perpetually the judgment and execution, by virtue of which it has been done, and to recover the possession and enjoyment of the specific property taken from him, must also be conceded; for these facts are established by the record.

It cannot, therefore, be said, that the suit is not "respecting," or has no relation to, the property levied on. To recover the possession of the property, and to save it from the operation of the judgment and execution, is the very object of the suit. If it would be competent for a *third party*, claiming the property, to file this bill, where the property may be, we cannot see any good reason why the defendant in execution may not protect his title, in the same manner, and in the same jurisdiction. We think the language of the statute fully covers the case, and confers jurisdiction. The *argumentum ab inconvenienti*, relied on by counsel for defendants, has a double aspect, and is, in its nature, as well applicable to complainants as to defendants, and cannot, therefore, afford us any aid in the construction of the statute, were it doubtful on its face. Even if the case were not embraced by the very letter of the act, regard for its spirit, and the evident intent of the legislature, would strongly commend the construction we have adopted. The court could not, therefore, properly have dismissed this bill for want of jurisdiction.

The only remaining ground relied on in the motion is, that the injunction bond is not in accordance with the directions of the statute. Code, 550. Admitting this to be so, it was still no ground for the dismissal of the *bill*. It would have been good ground for a motion to dissolve the injunction, if such motion had been made. No motion for dissolution of the injunction, however, appears in the record. It was, therefore, error to dismiss the *bill* on this ground.

Let the judgment be reversed, and cause remanded for further proceedings, in this case, and in No. 8736, submitted with this on the same points.