E. C. Hooker v. Nancy Austin, ex. et al.

41 717
78 933

41 717
f88 304

1. Usury: EQUITY WILL GRANT RELIEF AGAINST A TRUST DEED TO SECURE A LOAN AT A USURIOUS RATE.—A court of chancery will enjoin a trustee from proceeding to sell under a deed of trust, given for the purpose of securing a loan of money at a usurious rate of interest.

2. Chancery pleading and practice: INJUNCTION: IN WHAT CASES DISSOLVED UPON BILL AND ANSWER.—An injunction will be dissolved on bill and answer, when the equity of the bill is denied by a positive answer.

3. Same: same: WHEN NOT DISSOLVED ON BILL AND ANSWER.—An injunction will not be dissolved on bill and answer, where the defendant answers that he has no personal knowledge of the complainant's equity, and denies the facts relied on in the bill, nor where the answer is a mere denial by an administrator of any personal knowledge of the facts stated in the bill, nor where the equity of the bill is not charged to be within the knowledge of the defendant, and the answer denies all knowledge and belief of the facts stated.

4. Same: same: ON MOTION TO DISSOLVE, WHAT EFFECT TO BE GIVEN TO FACTS STATED IN BILL AND ANSWER.—On a motion to dissolve an injunction on bill and answer, the statements of the bill are to be received as true so far as they are not denied by the answer. The answer will be regarded only so far as it is responsive to the bill, and matter in avoidance will not be allowed to have any effect.

Appeal from the Chancery Court of Hinds county. Hon. Jno. Watts, chancellor.

C. E. Hooker, in propria persona, contended.

Where the bill charges fraud, and the denial in the answer is not positive, but inferential only, the injunction will not be dissolved. *Roberts* v. *Anderson*, 2 Johns. Ch. Rep. 204; *Nichols* v. *Wilson*, ib. 115.

A denial from information and belief not sufficient. *Apthorpe* v. *Comstock*, Hopkins, 140; *Ward* v. *Van Bokkelen*, 1 Paige, 100.

Where the answer admits the equity of an injunction bill, buts sets up an avoidance of it, the injunction will be continued until the hearing. *McNamara* v. *Irwin*, 2 Dev. & Batt. 328; *Chesapeake & Ohio Canal Co.* v. *B. & O. RR. Co.* 4 Gill & I. 7.

To authorize a dissolution of an injunction upon bill and answer, the answer must deny every material allegation, with the same clearness with which they are charged in the bill. *Buckner* v. *Beirne,* 9 S. &. M. R. 304.

When a debtor seeks a court of equity to relieve himself of usurious interest, he is entitled, if the usury be established, to be relieved of all the interest, both usurious and legal, to the same extent as if he had been sued at law and made his defence there. *Parkinson* v. *McKinney,* 12 S. & M. 631; *Norcum* v. *Sum,* 33 Miss. Rep. 299; *Coulter* v. *Robinson,* 14 Smedes & M. 18; *Torrey* v. *Grant,* 10 S. & M. 89; 4 Hen. & Mum. 463.

*Johnston & Johnston,* for appellees, contended that the equity of the bill was denied by the answer, that the trustee was not .proceeding to sell under the trust deed for the note and usurious interest, that no such declaration was made by him. These facts are stated in the answer.

The equity of the bill being denied by the answer, the injunction was properly dissolved.

PEYTON, J., delivered the opinion of the court.

The complainant, C. E. Hooker, filed his bill of complaint in the Chancery Court of Hinds county for the First District, against Nancy Austin, executrix of the last will and testament of William J. Austin, deceased, and J. H. Ledbetter, trustee, to enjoin the sale of a tract of land under a deed of trust.

The complainant states in his bill that on the 1st day of May, 1856, he executed his certain writing obligatory in favor of the said William J. Austin, for the sum of $4,600, and that the same was given partly for loaned money, and partly to close certain accounts and notes due the said Austin. That he does not remember the precise amount of money loaned, but thinks it was about $2,700, and that the remainder of the sum for which said writing obligatory was executed was for notes and accounts held by said Austin against him. That at the time of executing said writing obligatory he executed a deed of trust on certain land in the vicinity of Jackson, Mississippi, to secure

the payment of the money due said Austin; and that on the maturity of the said writing obligatory, being unable to pay the same, complainant was applied to by said Austin to sign a paper, agreeing to pay to said Austin interest at the rate of fifteen per cent. per annum on the amount of the said writing obligatory; and, to prevent a sacrifice of said property, he did sign said agreement.

Complainant further alleges payments on said debt had been made at different times, to the amount of $3,000, to said Austin, which are endorsed on said written agreement, and that the interest charged by said Austin is illegal and usurious. That since the execution of the said writing obligatory and deed of trust, the said Austin had departed this life, leaving Nancy Austin executrix of his last will and testament, and that she has requested J. H. Ledbetter, the trustee, to proceed to advertise and sell the property named in said deed of trust; and that said trustee had accordingly advertised the property for sale, to satisfy the whole of the said claim of $4,600, and would proceed to sell the same to pay said debt and the interest thereon, at the rate of fifteen per cent. per annum, from the 1st day of May, 1857, until paid. The complainant prays for an injunction to restrain the sale of said property, and that an account be taken of what may be legally due on said debt.

Mrs. Nancy Austin, in her answer, admits that she has no personal knowledge of the pecuniary transactions between complainant and her late husband; admits the payment of $3,000 as charged in the bill, and denies any intention of collecting the whole amount of the writing obligatory of $4,600. And as to the consideration of the said writing obligatory, she knows nothing, not having been advised by her late husband, in his lifetime, as to the nature of the business between him and complainant; but insists that complainant is estopped by his own deed from alleging that said writing obligatory was not given wholly for loaned money.

As to the alleged usurious interest agreed to be paid by complainant on said debt, she admits that she knew, from legal advice, that if the complainant declined to pay it, she could

not recover in law or equity on said agreement more than legal interest, and that all that she desires in this matter, is to have satisfaction of the balance due on said writing obligatory, computing interest at the legal rate, and she assents to the reference prayed for in the bill, that a commissioner, under the instructions of the court, may ascertain and report what that balance really is.

J. H. Ledbetter, in his answer, admits that he was acting as trustee, as stated in the bill, and that he knows nothing of the transactions between complainant and the late William J. Austin. That at the request of said Austin, in his lifetime, he became trustee in said deed, and admits that by instructions from the attorney-at-law of Nancy Austin, executrix of the will of the said William J. Austin, deceased, he did publish the advertisement of sale as charged in the bill, and did intend to make a sale, as trustee, for the satisfaction of the debt secured by said deed of trust, and would certainly have made the sale, had he not, at the moment of sale, been enjoined from proceeding.

A motion was made by defendant, Nancy Austin, to dissolve the injunction on bill and answers, which was sustained by the chancellor, and the injunction dissolved.

From that order and decree dissolving the injunction, this appeal was taken.

There can be no doubt that the reservation in the written agreement, of fifteen per cent interest, renders the transaction usurious, and that a court of chancery will grant relief.

Where the defendant answers that he has no personal knowledge of the complainant's equity, and denies the facts relied on in the bill, upon information which he had obtained, it was held that such answer was not sufficient to dissolve an injunction. *Doub.* v. *Barnes,* 4 Gill, 1 ; *Peerson* v. *Ryerson,* 1 Halst. Ch. Rep. 196.

A mere denial in an answer by an administrator, of his personal knowledge of a transaction between his intestate and complainant, is not sufficient to dissolve an injunction. *Williams* v. *Stevens,* 1 Halst. Ch. Rep. 119.

C. E. Hooker *v.* Nancy Austin, ex. et al.

Where the equity of the bill is not charged to be within the knowledge of the defendant, and the defendant merely denies all knowledge and belief of the facts alleged therein, the injunction will not be dissolved on the bill and answer alone. *Coffee* v. *Newsom*, 8 Geo. 444.

On a motion to dissolve an injunction on bill and answer, the statements of the bill are to be received as true, so far as they are not denied by the answer. *Alexander* v. *Ghiselin*, 5 Gill, 138. And the answer can be regarded only so far as it is responsive to the bill. *Rembert* v. *Brown*, 17 Ala. 667.

If the defendant, in his answer, is unable, from his own knowledge, to deny the allegations of the bill which are material to its equity, the injunction will be retained. It stands on the case made by the bill, and will be held until that case be overcome. *Lines* v. *Spear*, 4 Halst. Ch. Rep. 154.

It is well settled that an injunction will not be dissolved on bill and answer, unless the equity of the bill be denied by a positive answer. In this case the equity of the bill is not denied by either of the answers. The equity of the bill is the usurious interest stipulated for in the agreement of the 9th of May, 1857. This equity is admitted in the answer of Nancy Austin, and is not denied in the answer of Ledbetter, and there was, therefore, no ground on which the injunction could properly have been dissolved.

The answer of Nancy Austin admits the usurious interest reserved in the agreement as charged in the bill, and seeks to avoid the effect of it by declining to exact it; where the equity is admitted in the answer, matter in avoidance cannot be allowed to have any effect upon an application to dissolve an injunction upon bill and answer. *Drury* v. *Roberts*, 2 Maryland Ch. Decis. 157.

The complainant had an undoubted right to have an account taken of what remained due of principal and legal interest on his debt to Austin, and this is assented to by Nancy Austin in her answer, and the account can only be taken upon a final hearing upon the merits.

The decree is erroneous upon another ground. The chan-

46

cellor, after making an order dissolving the injunction, proceeds to make a decree, of the character of a final decree, in the cause ; this, we think, was not warranted in this case, on dissolving the injunction upon the bill and answers.

The decree will be reversed and cause remanded.