## THAD. MILLER et al. *v.* JOHN McDOUGALL et al.

1. CHANCERY—SUFFICIENCY OF ANSWER.—The answer of a defendant to a bill of complaint, however informal and brief, if it distinctly avers all the essential facts constituting the foundation of the proceeding, will be sufficient, such essential facts being thus put in issue.

2. INJUNCTION—PRACTICE.—Although the statute provides that no injunction to stay proceedings at law shall be issued until complainant shall enter into bond with two or more sufficient sureties, to be approved, etc., yet it will be erroneous to dismiss an injunction issued upon a bound for want of a second surety, until the party shall have an opportunity under an order of the court, to amend his bond.

3. DISSOLUTION OF INJUNCTION.—The dissolution of an injunction upon bill and answer, rests very much in the discretion of the chancellor; Adams' Eq., 196 & 356; but this is a judicial discretion which is subject to review upon appeal. Rev. Code 556, art. 109.

4. DEFECTIVE ANSWER—DEFECTIVE AFFIDAVIT.—Although the answer positively denies all the material allegations of the bill, yet, it is fatally defective if it does not distinguish such part as is stated upon personal knowledge from such as is stated on knowledge derived from others. And so is the affidavit made to the answer by the solicitor of the defendant, which was not purported to be made upon personal knowledge, or upon knowledge derived from others.

5. INSUFFICIENT ANSWER—CHANCERY PRACTICE.—It is well settled that an injunction will not be dissolved on bill and answer, unless the equity of the bill be denied by positive answer. If defendant answers that he has no personal knowledge of the complainant's equity, but denies the facts relied on in the bill, upon information obtained from others, such answer will not justify the dissolution of an injunction. 41 Miss., 717 ; 4 Gill, 1 ; 1 Halstead Ch., 196.

6. ANSWER BY ADMINISTRATOR.—A mere denial in an answer by an administrator of his personal knowledge of a transaction between his intestate and complainant, is not sufficient to dissolve an injunction. 1 Halst. Ch., 119. And where the equity of the bill is not charged to be within the knowledge of the defendant, and he merely denies all knowledge and belief of the allegations therein, the injunction will not be dissolved on bill and answer alone. 8 Ga., 444.

7. CHANCERY PRACTICE.—On motion to dissolve on bill and answer, the allegations of the bill, so far as not denied by the answer, are to be taken as true ; and if the defendant is enabled from his own knowledge, to deny the material allegations of the bill, the injunction will be retained. 5 Gill, 138 ; 4 Halst. Ch., 154.

Appeal from the chancery court of Sunflower county. COTHRAN, J.

The facts are fully set out in the opinion of the court.

Appellant assigns the following errors :

1st. Said decree is improper, in this, that the court below erred in sustaining the motion to dissolve the injunction granted at the filing of the original bill; said motion should have been overruled, and the relief granted which is prayed for in the original bill.

2d. The answer to the injunction bill was not sworn to according to law, and should not have been admitted to the files.

3d. The answer to the original bill does not fully deny any allegations of the bill, and therefore, it was error to dissolve the injunction.

*J. Z. George*, for appellants.

This is an appeal from an order dissolving an injunction· The main point relied on is, that the equities of the bill are not fully denied by the answer, and that the answer is not sworn to by the respondent, but by his attorney, who does not profess, in the answer or the affidavit, to have any knowledge of the matters contained in the answer. The affidavit of Walton states that the matters stated in the answer, of his own knowledge, are true, and those stated on

information, he believes to be true. This affidavit pre-supposes that the answer discloses what part is made on the knowledge of the affiant and what part on information. But it will be seen that it is sworn to in the name of the respondent; and the statements are his statements, and that there is nothing in it, which refers to the information or knowledge of the affiant. The affidavit is, therefore, senseless; it swears to nothing positively, nor swears to a belief in anything. It states that so far as the matter, as stated, on his knowledge, it is true; but on referring to the answer, we see nothing stated on his knowledge, and, therefore, that part of the affidavit confers nothing, and so of the other part, as to his information.

He stated what allows the oath of the agent to be taken, instead of the oath of the party, and do not intend to legalize vicarious swearing, but does not allow the agent, when he himself knows the matter sworn to, to make affidavit for the people.

The patent I consider so plain and clear that I need prove no other, though I may state that I do not believe, in any case, an agent can swear to an answer to a bill seeking a discovery for the people.

TARBELL, J. :

Caroline C. Miller, and Thaddeus Miller, her husband, of the county of Sunflower, in 1869, filed in the chancery court of said county their bill of complaint against John McDougall, William M. Gwin, jr., and F. S. Hunt, charging in substance as follows :

At the August term, 1867, of the chancery court of said county, John McDougall recovered a decree against Washington J. Smith for $1,182, for part of the purchase money due from Smith on land situated in said county and described in the bill. At the February term, 1868, of said court, William M. Gwin, jr., obtained a decree against complainants herein for $2,375. On the 15th day of December, 1866, said Smith conveyed said land to said Caroline C. Miller, and in the deed of conveyance reserved a lien in

Oct. T. 1870.] Thad. Miller et al. v. J. McDougall et al.   685

Opinion of the Court.

favor of said Smith for the balance of purchase money due from Smith to Gwin and McDougall, upon the faith of which sum the decree against complainants was obtained. The decree in favor of McDougall was transferred to said Gwin prior to July 1, 1868. F. S. Hunt is the agent of Gwin. On the 27th day of January, 1868, said Hunt agreed with complainants that if they would execute to him a deed of trust to secure the payment of the decree first above named, and the note upon which the last mentioned decree is founded, upon certain land situated in said county of Sunflower, he would release them from said first mentioned decree, together with the vendor's lien and mortgage reserved in the aforesaid decree; accordingly, on the 27th day of January, 1868, complainants executed and delivered a deed of trust to said Hunt, as agreed, the terms of said agreement being set forth in said deed of trust. The costs of said chancery suits have been paid by Caroline C. Miller; the suit by Gwin had been begun before the agreement with Hunt. Thomas Walton was solicitor for Gwin. Hunt addressed Walton a letter advising him of said agreement. Thaddeus Miller advised Walton of said letter and its contents. March 26, 1868, Hunt wrote to Thaddeus Miller, stating that said suit had been brought by Walton before he (Walton) knew of said agreement, but that it would make no difference, except as to costs, which Hunt would pay if everything came out right.

Complainants, supposing said suit would be abandoned, made no defense thereto, and so a decree was improperly obtained without their knowlegge.

Complainants aver that Hunt had full power to enter into said contract, and the same is binding, and is a satisfaction of said decrees.

Horace L. Smith and R. H. Simmons were appointed commissioners to sell the lands described under said decrees, and unless enjoined would proceed to sell.

Complainants aver that they are without remedy at law, and pray subpœna and injunction against defendants, and

against said commissioners; they also pray for perpetual injunction, and for general relief, etc.

The answer of Gwin and Hunt denies that Gwin, Hunt, or any other person agreed with complainants, or either of them, to release them, or either of them, from either of the decrees in said bill mentioned, or from the vendor's lien, or mortgage in said bill mentioned, or from the note, or from anything whatever, nor did Gwin or Hunt make any agreement with Thaddeus Miller or Caroline C. Miller. When Miller came to Walton and told him that suit was not to be brought, nor prosecuted on the note, Walton refused to stop said suit, and informed Miller that it must proceed to a decree, and a decree was taken accordingly. If complainants had any right to arrest said suit they ought to have defended, but they suffered a decree *pro confesso*. Complainants had full notice given to Thaddeus Miller that the suit would not be stopped. Hunt's note was never given to Walton.

Defendants submit that the injunction ought to be dissolved, because there is only one surety to the injunction bond.

The answer is sworn to by Walton, attorney for defendants, because Gwin is in California, and Hunt is in the city of Jackson; and the attorney, therefore, to prevent delay, makes the affidavit.

At the February term, 1869, of the chancery court of Sunflower county, the defendants submitted a motion to dissolve the injunction granted herein, on the following grounds:

1st. Because there is only one surety on the injunction bond.

2d. Because there is no equity in the bill.

3d. Because it does not appear from the bill and answer that the injunction ought to have been granted.

4th. Because it appears from the bill and answer that said injunction ought to be dissolved.

Upon the hearing of this motion, the court at said term dissolved the injunction, and the defendants appealed.

In this court the following causes are assigned for error:

1st. The decree dissolving the injunction is erroneous in this, that the motion should have been overruled, and the relief prayed for ought to have been granted.

2d. The answer to the original bill was not sworn to according to law, and should not have been admitted to the files.

3d. The answer to the original bill does not fully deny any allegation of the bill, and therefore it was error to dissolve the injunction.

The point presented by the second assignment of error, appears not only not to have been raised in the court below, but was quite clearly neglected. The complainant's solicitor, in giving a written admission of service of motion to dissolve the injunction, waives service of a copy of the answer for the hearing, as required by law. It is recited in the record, that at the February term, 1864, "it was agreed between the parties—complainants and defendants—that the motion to dissolve should be heard in open court, and decided to-day; and the said motion being argued before the court by counsel for complainants and defendants, it is decreed that said injunction be dissolved." As an objection to the filing of the answer and a proposition to strike it from the files, the consideration of this point is not only barred by the rules of this court, but the record shows a case wanting in claims for the abrogation of the rule.

As to the third assignment of error, the answer is informal and brief, yet distinctly denies the very essential facts constituting a cause of action. The material allegations of the bill denied by the answer, are thus emphatically put in issue: It is denied that Gwin, Hunt, or any other person agreed with complainants, or either of them, to release them, or either of them, from either of the decrees, or from the vendor's lien, or mortgage, or from the note, or from anything whatever; it is denied that Gwin or Hunt made any agreement with complainants; it is averred that when Miller told Walton that suit was to be abated, he was told by Walton that it should be prosecuted to a decree, and that the suit would not be stopped.

Counsel in his brief says: "The main point relied on is, that the equities of the bill are not fully denied by the answer, and that the answer is not sworn to by the respondent, but by his attorney, who does not profess in the answer or affidavit to have any knowledge of the matters contained in the answer."

Upon what specific ground the court below based its action, we are not informed, except so far as may be inferred from the motion to dissolve. Art. 65, Rev. Code, 550, enacts that, "No injunction to stay proceedings at law, shall be issued until after the party obtaining the fiat for the same shall enter into bond to the plaintiff at law, in double the amount of the debt sought to be enjoined, with two or more sufficient securities, to be approved," etc.

In the case at bar, there is to the injunction bond, only one surety, and thus far the injunction was irregular. This fact, however, is not referred to by counsel, nor does it appear to have been mentioned on the hearing. If this was the basis of the action of the court, an opportunity should have been given to complainants to amend, by furnishing a new bond, or adding further security. This statute is, perhaps, to some extent, directory merely, and the question of security is completely under the control of the court, upon motion. It is so completely subject to the control of the court below, that it will not enter into or influence our decision of this case. Rev. Code, 548, art. 58.

The first assignment of error claims that the motion to dissolve should have been denied, and the prayer of the bill ought to have been granted. The dissolution of an injunction upon bill and answer, rests very much in the discretion of the chancellor. Adams' Eq., 196; ib., 356, note, and cases cited. But this is a judicial discretion which may be reviewed on appeal. Rev. Code, art. 100, 556.

The substance of the bill in this case has already been stated. The exhibits are: 1st. The deed of trust referred to containing the terms of the agreement between complainants and Hunt, as the agent of Gwin, together with its due

acknowledgement by Miller and wife, and the certificate of its record in the clerk's office of the proper county ; 2d. A letter from Hunt to Major Walton, under date of January 27th, 1868, saying, " I have made a new arrangement with Thad. Miller, which he will explain to you, and it will supercede any suit against him on the $200 note ;" 3d. A letter from Hunt to Thad. Miller, under date of March 26, 1868, saying, " I have received the deed of trust sent by Randall. The suit was brought by Walton before he knew of our arrangement. It will make no difference, except the costs, which will be only a few dollars, and if everything else comes out right, I will pay that myself."

The answer, it is true, positively denies the material allegations of the bill, but it does not distinguish what is denied on personal knowledge from that which is denied on information. The affidavit is made by the solicitor of the defendants, but he does not claim to have any knowledge of the facts, nor even information. It is, therefore, the oath of a stranger, without knowledge and to some extent extra-judicial.

The principles which govern this case, are stated in Hooker v. Austin, 41 Miss., 717, and authorities therein cited with approval. It is well settled, say the court in that case, that an injunction will not be dissolved on bill and answer, unless the equity of the bill be denied by positive answer. When the defendant answers that he has no personal knowledge of the complainants' equity, and denies the facts relied on in the bill, upon information which he had obtained, it was held that such answer was not sufficient to dissolve an injunction. 4 Gill., 1 ; 1 Halst. Ch. R., 196. A mere denial in answer, by an administrator, of his personal knowledge of a transaction between his intestate and complainant, is not sufficient to dissolve an injunction. 1 Halst. Ch. R., 119. Where the equity of the bill is not charged to be within the knowledge of the defendant, and the defendant merely denies all knowledge and belief of the facts alleged therein, the injunction will not be dissolved on the bill and answer alone. 8 Ga.,

444.  On a motion to dissolve an injunction on bill and answer, the statements of the bill are to be received as true, so far as they are not denied by the answer.  5 Gill, 138.  If the defendant, in his answer, is unable, from his own knowl-edge, to deny the allegations of the bill, which are material to its equity, the injunction will be retained.  It stands on the case made by the bill, and will be held until that case is overcome.  4 Halst. Ch. R., 154.  In the case under consideration, " the defendant, in his answer, is unable from his own knowledge, to deny the allegations of the bill which are material to its equity."  The injunction, in this instance, " stands on the case made by the bill, and will be held until that case is overcome."  The case made by the bill is not overcome by the answer, such as it is, sworn to, as we have seen, by a stranger to the facts, for aught that appears in the record.

The decree dissolving the injunction is reversed, and this cause is remanded.