JULIA COLEMAN *et. al. v.* HUDSPETH, ADAMS & CO.

1. CHANCERY—INJUNCTION.—Where the bill clearly and positively avers that the complainant is seized and possessed of the real estate discribed in the bill, and the answer denies the averments in the bill, it is error to dissolve the injunction without giving the complainant time to take testimony.

2. SAME—PRACTICE.—The complainants filed their bill on the 28th day of February, and on the 4th day of March, simultaneously with the filing of the answer, the motion to dissolve was served. There had been no time, nor opportunity to sustain the clear and unequivocal allegations of the bill by proofs. *Held* : That the court should have retained the injunction until the complainants could have had a fair opportunity to take testimony, but indulging in no unnecessary delay. Bowen v. Hoskins, 45 Miss., 188.

Appeal from the Chancery Court of Warren county. HON. E. HILL, Chancellor.

The facts sufficiently appear in the opinion of the court.

*Lea & Lea*, for appellants :

The question presented to this court is the sufficiency of the answer to work a dissolution of the injunction in this cause. We admit the general rule to be, that when the answer fully denies the allegations, upon which complainant bases his claim for equitable relief, the injunction should be dissolved, though the rule is not universal in its application. 3 Sumner, 75. But to come within the application of this rule, the denial of all the material allegations must be *positive*. Ward v. Van Bokkehn, 1 Paige, 100. Where defendant does not deny fully the equity of the bill, but sets up new matter of defense, the injunction should be retained to the hearing. 2 Md. ch. 157; 18 Md. 193; 4 Johns, ch. 497.

The bill contains the allegation that complainant, Julia Coleman, is seized of the real estate therein mentioned, in her own right. The answer denies this *inferentially* or *argumentatively*, and sets up a deed (as an exhibit) from husband to wife, which it *assumes* to be the foundation of her title, and an answer of this kind has been held by this court insufficient to warrant a dissolution, the court holding that

it must deny every material allegation in the bill with the same clearness and certainty with which the charges are made. Buchner v. Bierne, 9 S. & M., 304 ; Miller v. Mc-Dougall, 44 M., 682.

The injunction in this case being vital to the relief asked, it should have been retained to the hearing, and an opportunity afforded complainants to offer proof controverting the matters and charges contained in the answer. Bowen, *et. ux.* v. Hoskins, 45, Miss., 183. ·

*H. F. Cook,* for appellees:

The appellees recovered judgment in the circuit court of Warren county, on the 16th day of December, 1870, against Julius Coleman on a note dated February 19, 1866, executed by L. Legans & Co., of which firm he was a member. The suit was commenced by attachment, which was levied on real estate in the city of Vicksburg, as the property of Julius Coleman. On this judgment an *alias venditioni exponas,* was issued, and the property attached was advertised for sale by the sheriff of Warren county. This sale was enjoined by Julia Coleman, the wife of defendant, Julius Coleman, on the allegation in the bill that she was the legal owner of the property, and a sale of it would cast a doubt, cloud or suspicion upon her title. The defendants, in their answer to the bill, set out the deed under which she derived title thereto. By this deed, bearing date June 12, 1866, for a consideration wholly voluntary, Julius Coleman conveyed the property on which the attachment was levied, to his wife Julia.

This deed is clearly void as to the appellees, because they were creditors of Coleman at the date of its execution. Code of 1857, p. 335–6, sec. 23.

Both parties participated in the fraud, and the wife seeks to reap the fruits of it, to the prejudice of the rights of the creditors of the husband.

It is only at the suit of the true owner that the clouds and doubts, that fall upon his title from pretended claims,

will be removed, and if he fails to satisfy the court that he is the real owner, he is entitled to no relief. Huntington v. Allen, 44, Miss., 654–655. The answer to the bill denies every material allegation charged therein, and the complainants offered no proof to establish the claim for equitable relief.

The injunction was improvidently granted, and should have been dissolved.

Tarbell, J., delivered the opinion of the court:

Bill for injunction restraining sale of real estate. Julius Coleman and Julia Coleman, his wife, are complainants. Hudspeth, Adams & Co., respondents, obtained a judgment against Julius Coleman. Execution issued to the sheriff of Warren county, and by him was levied on the real estate now claimed by Julia Coleman as her separate property. The bill is filed to restrain a threatened sale. The averments of the pleading are in substance these : The bill was filed February 28, 1873, and avers, that Julia Coleman is seized and possessed of certain real estate in said county, as her own separate property; that, Hudspeth, Adams & Co. recovered a judgment against Julius Coleman, husband of Julia Coleman, at the March term, 1871, of the Warren county circuit court, in the sum of $2,834.27; that execution was issued upon said judgment and levied upon the real estate described in the bill, as the property of Julius Coleman, claimed by Hudspeth, Adams & Co., to be subject to the satisfaction of their judgment; that said property is in no manner liable for the debts of Julius Coleman, but is the separate property of Julia Coleman; that the claim of Hudspeth, Adams & Co., casts a cloud upon the title of said Julia, who is the true, legal owner thereof; and the bill prays for injunction, etc.

The answer denies that Julia Coleman is seized of the real estate described, " as," says the answer, " will be, thereinafter, more particularly shown;" and it avers, that, the judgment of Hudspeth, Adams & Co. was obtained December 16, 1870, upon a note

dated February 19, 1866; that Julius Coleman was then the legal owner of the real estate now claimed by his wife; that in June, 1866, for a voluntary consideration, Julius Coleman conveyed said property to Julia Coleman, his wife; that such conveyance was in fraud of the rights of respondents; that said real estate is not the separate property of Julia Coleman, but is the property of Julius Coleman, and liable to the satisfaction of respondents' judgment; that the sale of said property will not cast a cloud upon the title of said Julia, because her said title is subordinate to the rights of respondents; and that the assertion of her said claim, under her said deed is fraudulent and void.

On the 4th day of March, 1873, notice of a motion to dissolve the injunction granted herein, to be made on March 15th, upon bill and answer, was served, and on that day, after argument of counsel on both sides, the motion was sustained and the injunction dissolved. Hence, an appeal to this court. The dissolution of the injunction is alone assigned for error.

. The bill clearly and positively avers, that the complainant, Julia Coleman, was " seized and possessed " of the real estate described, " as her own separate property;" that said real estate " is in no manner liable for the debts of Julius Coleman, but is the separate property of Julia Coleman," and that " the claim of Hudspeth, Adams & Co. casts a cloud upon the title of said Julia, who is the true legal owner thereof."

The answer, says, "it is not true that said complainant, Julia Coleman, is seized and possessed of the said real estate described in said bill, *as will be, hereinafter, more particularly shown.*" Then follows a statement of the indebtedness of Julius Coleman to Hudspeth, Adams & Co., with its date and consideration, followed by setting out a conveyance of the property in question from Julius Coleman to his wife, Julia, but this is not averred to be her only source of title, nor the one on which she relies to sustain her bill.

The bill was filed and injunction granted February 28th. On March 4th, simultaneously with the filing of the answer,

the motion to dissolve was served. There had been no time nor opportunity to sustain the clear and unequivocal allegation of the bill by proof.

In Bowen v. Hoskins, 45 Miss., 188, the court say: "We think that the ends of justice would be better subserved by retaining the injunction until the complainant has a fair opportunity to take testimony; he must, however, be indulged in no unnecessary delay. The defendants admit that they are offering the property for sale. If that shall be accomplished the objects of the suit would be defeated. This is a cogent reason why the provisional injunction should be retained until the testimony shall be taken."

The bill charges and the answer admits, in the case under consideration, that the sheriff of Warren county, under the direction of Hudspeth, Adams & Co., was proceeding to sell the property involved in virtue of the execution on their judgment.

The Code, § 1073, allows three months after issue joined, in which to take testimony, and this, in the case at bar, would not have been an unreasonable period for the retention of the injunction.

In other respects, this case is within the spirit of the rulings. Buckner v. Bierne, 9 S. & M., 304, and Miller v. McDougall, 44 Miss., 682.

Taken according to its letter, the answer is fairly described as argumentative and inferential, and therefore obnoxious to the views expressed in the cases last cited.

In the Bellona Company's Case, 3 Bland's Ch. R., 445, these observations are made by the court: "It is a well established rule of this court," that, on a motion to dissolve an injunction on bill and answer, "the defendant can only ask for a dissolution of the injunction upon so mnch of his answer as is properly responsive to the bill. No new matter in avoidance, making its appearance for the first time in the answer, can, in this stage of the case, be allowed to form any part of the foundation of the defendant's motion for a dissolution. It is a direct and responsive denial of the facts composing

that case, on which the plaintiffs' equity rests, which alone, can entitle the defendant to a dissolution of the injunction."

It was said by Bland, Chancellor, in Canal Co. v. R. R. Co., 4 Gill & John., 7, that, "In such cases, the court confines itself exclusively to the consideration of the case, or combination of facts, set forth in the bill, out of which the equity of the injunction arose, and to the answer of the defendant to those facts." And, in 12 Gill & John., 244, it was held, that, "If the facts of the bill be admitted or not denied, or if new matter be set up by way of avoidance, the injunction will be continued." Where the matter of avoidance is a distinct fact, such defense must be proved. 10 Gill & John., 324. New matters introduced by respondents cannot be considered on a motion to dissolve. They cannot be assumed to be true without proof. State v. N. C. R. R. Co., 18 Md., 210.

The *equity of the bill*, in the case at bar, is not in terms denied but argumentatively only, which will not warrant a dissolution of an injunction. Hilliard on Inj., 88. The answer should "fully, fairly, plainly, distinctly and positively" deny the allegations constituting the equity of the bill. Ib. On a motion to dissolve an injunction, before the plaintiff has had an opportunity to examine his witness, every allegation positively sworn to in the bill, which is not substantially denied in the answer upon the defendant's own knowledge, must be taken as true. Ib. 97. See ib., 88 to 95, inclusive, and authorities there cited.

As a general rule, an injunction before final hearing does not determine any right; does not necessarily prejudice any party; its province is to preserve the property or fund in controversy, and effect ultimate justice. State v. N. C. R. R. Co., *supra*. If, by a dissolution, the complainant is likely to be deprived of all the benefits of his suit, the injunction will not be dissolved. Hill. on Inj., 93; Walker Chy., 90.

The just application of these rules to the case at bar conducts to the certain conclusion, that the injunction herein ought to have been retained, at least until the coming in of the proofs, especially as the title of the complainant, Julia

Coleman, set up for her in the answer, is not averred to be, and may not be, in fact, the one on which she relies, and as upon this title, the denials of the answer of the equity of the bill, are based. A title is set out by defendants for the complainants, and annihilated; yet, under the broad allegations of the bill, to which no objections·are raised, another and a different title may be shown.

The answer concludes with the statement, that " all other allegations in said bill contained, not heretofore admitted or denied, are now admitted to be true."

It will be understood, that the decision of this case is based upon the pleadings and issues as they are now made up. The title of the complainant, Julia, is not exhibited. Whether necessary or not, no objection is made to the absence of it. The character of the answer, as heretofore described, is not supposed to be the result of intention, but haste in its preparation. If the title of the complainant is correctly set out in the answer, she may expect to show that there was other property of Julius Coleman, out of which the debt of Hudspeth, Ádams & Co. might be made. In this event the complaint will necessarily have to be amended, and it is quite probable the pleadings will require to be wholly re-cast.

Decree reversed and cause remanded.