AMOS SMITH *et el. v.* J. F. HARRINGTON *et al.*

1. CHANCERY—INJUNCTION—MOTION TO DISSOLVE.—Complainants filed their bill to enjoin a suit at law. The bond for injunction was filed, and the writ of injunction issued. The approval of the bond does not appear of record. A demurrer was filed and a motion to dissolve was sustained. *Held:* The complainants were entitled to twenty days in which to perfect their injunction bond.

2. SAME—PRACTICE—AMENDMENTS.—The most ample power to amend, limited only by a sound discretion, is authorized by the statute, which allows amendments in the "pleadings and proceedings" in chancory, on "liberal terms," or upon the motion to dissolve, for the want of a "good and sufficient" bond, the subject is within sections 1028 and 1037 of the Code 1871.

3. SAME—CASE IN JUDGMENT.—The motion to dissolve was on the ground that "no good and sufficient bond" was filed with the conditions prescribed by law," and "duly approved." *Held:* That it was error to dissolve the injunction, without giving time to the complainants to perfect their bond.

Appeal from the chancery court of Chickasaw county. Hon. AUSTIN POLLARD, Chancellor.

Complainants filed their bill to enjoin a suit at law. The defendants demurred to the bill for several reasons, only one of which was sustained, because of an insufficient bond for the injunction, and the court dissolved the injunction, and retained the bill. The complainants asked leave to file a new bond, which was by the court refused. The complainants then asked leave to dismiss their bill, which was also refused, and complainants took their appeal to this court.

*Tucker, Harper & Buchanan,* for appellants:

This cause should be reversed, because, if the Chancellor had sustained the demurrer for any reason of deficiency of the bill, we would have asked leave to amend. The Chancellor held that the sufficiency of the injunction bond could be raised on demurrer to the bill. This is error, as the bond is no part of the proceedings. The Chancellor held the bond insufficient on demurrer to the bill, and then refused to allow the complainants to file a good and sufficient bond, conditioned according to law. The complainants then wished to dismiss their bill in order to sue out a new injunc-

tion, which was also refused by the court. This is a peculiar dilemma. To dissolve the injunction for want of a bond, and then refuse to let the bond be executed, and then finally to refuse to allow the party to dismiss his own case, is error. Where is the relief of complainants? The bill, when the injunction is dissolved, is only retained for the benefit of the complainants, so that they can have the injunction reinstated; but when a party asks that the injunction be reinstated, which is refused, the party certainly has a right to dismiss his own cause. For these errors, we pray a reversal. Revised Code 1871, §§ 1027, 621, 1041, 1028.

*Martin & Bates*, for appellees :

Appellant interposed his bill of injunction to stay the proceedings of appellees in an action at law for the recovery of certain lands, and it seems the only question arising in the adjudication of the cause in the court below, was the action of the Chancellor in sustaining defendants' motion to dissolve complainant's injunction.

The first ground assigned in the motion to dissolve, being for the want of such injunction bond as the law required for the protection of the parties to be affected thereby; and we submit, that the failure of the chancery clerk, as was his duty to do, in this instance, to approve the bond as prescribed by section 1044, of the Code of 1871, presents such a defect in the bond as could not with propriety be cured by motion to amend, not being within the liberal rule of amendments, as incidentally referred to by the court in the case of Miller *et al.* v. McDougal *et al.*, 44 M., 688; but, for the first time, this question seems to have arisen in the case of Boswell v. Wheat *et al.*, 37 M., 614, where the court say : " A defective injunction bond is good ground for a motion to dissolve the injunction," etc.

The second ground assigned in the motion of appellees to dissolve the injunction, is a want of privity of parties in interest; upon an examination, the bill it seems discloses Amos

Smith, as the sole complainant, and the further fact, that a suit at law is pending against one J. O. Smith, for the recovery of certain lands; but we submit, does not disclose such state of facts as commends his cause to a court of conscience, and entitles him to an injunction to stay the suit at law against J. O. Smith; nor does the complainant, Amos Smith, show by his bill, that his rights are likely to be affected by the suit at law pending against J. O. Smith, but, to the contrary, that he is not the defendant in that suit, and has no interest in the litigation sought to be enjoined.

The bill is sworn to by J. O. Smith, who does not show himself either to be the agent or solicitor of Amos Smith, the complainant.

Tarbell, J., delivered the opinion of the court:

This is a proceeding in chancery to enjoin a suit at law. A bond for injunction was duly filed, but its approval does not appear of record. Upon filing the bond, however, a writ of injunction issued in due form. On the same day a demurrer to the bill was filed, and a motion was entered to dissolve the injunction.

This motion was sustained, and hence an appeal.

The following are assigned as causes of error:

1. In sustaining the demurrer to the bill because of a defective injunction bond.

2. Refusing to let the complainants file a new injunction bond and retaining the " injunction " (bill?).

3. Refusing to let complainant dismiss his own bill.

There was a bill of exceptions, which states that the motion to dissolve the injunction was sustained " on the ground that a proper bond was not given," and that the Chancellor " refused the application of the complainant to execute a good and sufficient bond, and refused to dismiss the complainants' bill."

Comparing the abstract, briefs, and assignments of error, with the record and bill of exceptions, some very marked discrepancies are observed between the statements of coun-

sel and the facts as certified by the clerk. The abstract, arguments of counsel, and assignments of error, repeat statements not found in the record. Reference to these extraneous assertions is made for the purpose only of calling attention of counsel to the fact that this court looks alone to the official record for the proceedings of the court below.

Counsel for the appellees have fallen into the error of stating the motion to dissolve the injunction to have been sustained upon two grounds, which they proceed to discuss, whereas the record shows that the injunction was dissolved " on the ground that a proper bond was not given."

With reference to this point, the same counsel insist that the defect in the injunction bond is one which cannot be cured by a motion to amend, and that it is not within the liberal rule as to amendments. In support of this position, Boswell v. Wheat, 37 Miss., 614, is referred to, wherein it is said that an injunction bond not in accordance with the directions of the statute, is " good ground for *a motion* to dissolve " the injunction, but that it was " error to dismiss the *bill* on this ground." No explanation is necessary to show that the rule contended for cannot be predicated upon that case. Miller v. McDougall, 44 Miss., 682, is also referred to. This was an appeal from an order dissolving an injunction, but upon what specific ground the court below based its action, the appellate court was not advised. The latter court, however, say that " there is to the injunction bond, only one surety, and thus far the injunction was irregular. (Code of 1857, page 550, arts. 65, 66). " This fact, however, is not referred to by counsel, nor does it appear to have been mentioned on the hearing. If this was the basis of the action of the court, an opportunity should have been given to amend, by furnishing a new bond, or by adding further security. This statute is, perhaps, to some extent, directory merely, and the question of security is completely under the control of the court, upon motion. It is so completely subject to the control of the court below, that it will

not enter into or influence the decision of this case." (Code of 1857, p. 548, art. 58).

In the case at bar, the motion to dissolve was on the ground that "no good and sufficient bond was filed with the "conditions prescribed by law," and "duly approved."" The injunction was dissolved, as stated in the bill of exceptions, "on the ground that a proper bond was not given." In what respect the Chancellor held the bond not "proper," does not appear, though it is inferred from the whole record, that he so held because of the omission to indorse the bond "approved." Neither are his reasons given for refusing the application of complainants to amend or file a new bond. The action of the Chancellor is not readily understood. In any view, the most ample power, limited only by a sound discretion, to meet defects of the character under review, is found in section 1028 of the Code, which authorizes amendments in the "pleadings and proceedings" in chancery on "liberal terms." Or, upon the motion to dissolve for the want of a "good and sufficient" bond, the subject was within section 1037 of the Code, which is a literal transcript from the Code of 1857. By this section, the appellants were entitled to twenty days from the motion, within which to have given a new bond, in default of which, the Chancellor might have dissolved the injunction, or have made "such other order" as would have been "just and equitable in the case." And being so empowered, it was his duty so to have acted. The Code is specific, and the practice indicated, is supposed to be uniform throughout the State.

The first cause assigned for error, that the demurrer was sustained because of a defective injunction bond, contains a mistake of fact in this, that the record does not show any action of the court on the demurrer, but that the injunction was dissolved on motion, which, for the cause stated, was error.

The second cause assigned, that the court refused to let the complainants file a new bond " and retaining the injunction," contains two propositions. The first, that the court refused to let the complainants file a new bond, is well

taken, but the other, " and retaining the injunction," is supposed to be a chirographical error, and is not understood, nor can its meaning be surmised from anything in the record, nor is it necessary.

The third cause, that the court refused to let the complainant dismiss his own bill, is based on the statement of the bill of exceptions, to-wit: that the Chancellor " refused to dismiss the complainants' bill." Of the refusal to dismiss the bill, there is no explanation. Whether it was under section 1048 of the Code; whether it was on an application of the complainant to " dismiss his own bill," or a refusal to dismiss the bill on the motion of the defendants to dissolve the injunction;" or, whether it was "retained" for some purpose not stated, the record does not explain. Hence the third cause assigned for error cannot be entertained. This refusal is not shown to be error. And its consideration is immaterial.

It is not pretended that the injunction was dissolved for any want of equity in the bill, or on any ground other than that certified by the Chancellor, to-wit: because a " proper bond was not filed." The only defect pointed out in the bond is, that it is not indorsed " approved." Palpably, this was an accidental omission of the clerk, which the Chancellor should, by order, have directed to be corrected.

Bills of exceptions are now permitted " in all proceedings in the chancery courts." Code, § 1271. Where allowed under the former practice, see 2 Daniell's Chy. Pr., 1106, and notes.

The scope and effect of this provision of the Code is not fully perceived. It is sufficient for the present purpose that the Chancellor has certified his action in the case at bar, and that his statement is contained in the record, uncontradicted by any other portion thereof.

Referring again to the discrepancies between the record and the statements of counsel, the suggestion is submitted that labor might be saved both to counsel and this court by a close and critical adherence to the certified transcript.

Decree reversed and cause remanded.